United States District Court
District of Minnesota

| | |
|---|---|
| Galen Traylor,<br><br>             Plaintiffs,<br><br>v.<br><br>CardWorks Servicing, LLC, a/k/a Card Service Center, a/k/a Card Services,<br>Laura Doe,<br>Sierra Doe,<br>Keith Mitchell, and<br>Does 3-10,<br><br>             Defendants. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and the intentional invasion of Traylor's personal privacy by Defendants' in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Traylor resides in Minnesota, and CardWorks Servicing, LLC transacts business in Minnesota.

## Parties

4. Plaintiff Galen Traylor is a natural person who resides in Minneapolis, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant CardWorks Servicing, LLC, a/k/a Card Service Center, a/k/a Card Services (collectively, "CardWorks") is a Delaware corporation and collection agency, CardWork's registered agent in Delaware is Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, DE 19808, and its registered agent in Minnesota is Corporation Service Company, 280 Jackson Street #700, St. Paul, MN 55101. CardWorks is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Laura Doe is a natural person and employee of CardWorks, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Sierra Doe is a natural person and employee of CardWorks, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Keith Mitchell is a natural person and employee of CardWorks, and a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Does 3-10 are each a natural person and employee of CardWorks, and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

*Background*

10. In July 2010, CardWorks began collecting one or more debts from Traylor that are each a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. CardWorks calls Traylor's home phone excessively and regularly.

12. The calls specifically alleged below are only a sampling of the calls Traylor receives from CardWorks.

*Excessive Phone Calls from 877-847-0125*

13. On July 22, 2010, Traylor received 12 phone calls from 877-847-0125.

14. On August 7, 2010, Traylor received 5 phone calls from 877-847-0125.

15. On August 14, 2010, Traylor received 6 phone calls from 877-847-0125.

16. On August 18, 2010, Traylor received 7 phone calls from 877-847-0125.

17. By making excessive phone calls, Defendant's conduct had the natural consequence of harrassing Traylor, in violation of § 1692d.

18. Defendant's excessive phone calls caused Traylor's phone to ring repeatedly, in violation of § 1692d(5).

*Excessive Phone Calls from 800-657-1377*

19. On July 21, 2010, Traylor received 8 phone calls from 800-657-1377.

20. On July 26, 2010, Traylor received 6 phone calls from 800-657-1377.

21. On July 27, 2010, Traylor received 5 phone calls from 800-657-1377.

22. On July 28, 2010, Traylor received 7 phone calls from 800-657-1377.

23. By making excessive phone calls, Defendant's conduct had the natural consequence of harrassing Traylor, in violation of § 1692d.

24. Defendant's excessive phone calls caused Traylor's phone to ring repeatedly, in violation of § 1692d(5).

*CardWorks misleads Traylor as to its identity*

25. On November 30, 2010, Traylor called 800-657-1377 and spoke with Laura Doe.

26. When Laura Doe answered the phone, she said "Merrick Bank."

27. Laura Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

28. Laura Doe failed to meaningfully disclose her identity as required by 15 U.S.C. § 1692d(6).

29. Due to Laura Doe's failure to provide the "mini-*Miranda*" warning or disclose that CardWorks was a debt collector, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*CardWorks misleads Traylor as to its identity*

30. On December 3, 2010, Traylor called 800-657-1377 and spoke with Sierra Doe.

31. When Sierra Doe answered the phone she said "thank for calling Merrick Bank . . ."

32. Traylor asked Sierra Doe if she was calling for Merrick Bank.

33. Sierra Doe said "this is the collections department" and that they "service Merrick Bank cards."

34. Traylor asked Sierra Doe for the name of the company. Sierra Doe told her "card service center" and explained the company services different credit cards.

35. Sierra Doe failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

36. Sierra Doe failed to meaningfully disclose her identity as required by 15 U.S.C. § 1692d(6).

37. Due to the Sierra Doe's failure to provide the "mini-*Miranda*" warning or disclose that CardWorks was a debt collector, the communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

38. By providing two incorrect company names, Sierra Doe's communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*CardWorks misleads Traylor as to its identity*

39. On February 25, 2011, Traylor called 877-847-1025 and spoke with Keith Mitchell.

40. When Mitchell answered the phone he said "thank for you calling card services."

41. After Traylor provided her phone number, Mitchell said "this is Merrick Bank."

42. By providing two incorrect company names, Mitchell's communication was misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

*Summary*

43. The above-detailed conduct by Defendants represent violations of multiple provisions of the FDCPA, including, but not limited to, the provisions enumerated in the preceding paragraphs.

44. Traylor has suffered actual damages as a result of Defendants' illegal conduct in the form of neck and shoulder pain, headaches, and emotional distress in the form of stress, family strife, embarrassment, lost sleep,

diminished productivity at work, dimshed productivity at school, and other negative emotions.

## Respondeat Superior

45. Laura Doe, Sierra Doe, Mitchell, and Does 3-10 acted within the course and scope of their employment by CardWorks at all relevant times, and CardWorks is vicariously liable for their intentional and negligent acts and omissions.

## Trial by Jury

46. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692p

47. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

48. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

49. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Count 2
## Invasion of Privacy by Intrusion Upon Seclusion

50. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

51. Defendants intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and private concerns or affairs by repeatedly and unlawfully attempting to collect a debt.

52. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding on Plaintiff's right to privacy.

53. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

54. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

55. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

such other and further relief as this Court determines just and proper.

**The Ryder Law Firm, LLC**

Date: <u>March 29, 2011</u>          <u>s/Randall P. Ryder</u>
                                      Randall P. Ryder (#389957)
                                      125 Main Street SE, #250
                                      Minneapolis, MN 55414

                                      phone • 612.424.3770
                                      fax • 612.605.3247
                                      e-mail • email@theryderlawfirm.com

                                      Attorney for Plaintiff

## Verification

**Galen Traylor**, being duly sworn on oath, deposes and says that she is a Plaintiff in this action; that she makes this verification on her own behalf and under penalty of perjury, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief is information derived from her books and records, or written instruments in her possession.

Date: 3/25/11

_____
Galen Traylor

Subscribed and sworn to before me
this 25 day of March, 2011.

_____
Notary Public

RANDALL P. RYDER
Notary Public-Minnesota
My Commission Expires Jan 31, 2014